UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14bk42906 |
| | ) | |
| David J. Hardesty, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | |

TIMOTHY A. BARNES, Judge

MEMORANDUM DECISION

Before the court are two objections filed by Michael K. Desmond, not individually but solely in his capacity as chapter 7 Trustee (the "Trustee"), to exemptions claimed by David J. Hardesty (the "Debtor"): Trustee's Objections to Debtor's Exemptions (the "Personal Injury Funds Objection") and Trustee's Objections to Debtor's Exemption in Life Insurance Proceeds Under 735 ILCS 5/12-1001(f) (the "Life Insurance Proceeds Objection"). The Personal Injury Funds Objection seeks denial of the Debtor's exemption in payments that the Debtor will receive as part of a personal injury settlement agreement (the "Personal Injury Settlement") as well as those Personal Injury Settlement funds already received and currently held in two separate Edward Jones accounts (collectively, the "Edward Jones Accounts"). The Life Insurance Proceeds Objection seeks denial of the Debtor's exemption in life insurance proceeds (the "Life Insurance Proceeds") that the Debtor received post-petition following the death of the Debtor's step-father. For the reasons set forth herein, the Personal Injury Funds Objection is overruled and the Life Insurance Proceeds Objection is sustained.

JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code (the "Bankruptcy Code"). 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under title 11 of the United States Code, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). District courts may, however, refer these cases to the bankruptcy judges for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Northern District of Illinois has referred all its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Operating Procedure 15(a).

A bankruptcy judge to whom a case has been referred may enter final judgment on any proceeding arising under the Bankruptcy Code or arising in a case under title 11. 28 U.S.C. § 157(b)(1). An objection to a debtor's claim of exemption is a core proceeding. 28 U.S.C. § 157(b)(2)(B); *In re Johnson*, 480 B.R. 305, 308 (Bankr. N.D. Ill. 2012) (Baer, J.). The court also has constitutional authority to determine the exemption because, though exemptions may derive from state law, "[t]he right to exempt property from the bankruptcy estate is established by an express provision of the Bankruptcy Code (section 522) and is central to the public bankruptcy scheme[.]"

*In re Carlew*, 469 B.R. 666, 673 (Bankr. S.D. Tex. 2012), *aff'd sub nom. West v. Carlew*, Civ. A. H-12-0913, 2012 WL 3002197 (S.D. Tex. July 23, 2012).

Accordingly, final judgment is within the scope of the court's authority.

PROCEDURAL HISTORY

In considering the Personal Injury Funds Objection, the court has considered the arguments of the parties at the hearing on June 3, 2015 and has reviewed the Personal Injury Funds Objection [Dkt. No. 25], the attached exhibits submitted in conjunction therewith and each of the following:

(1) Schedule B – Personal Property [Dkt. No. 1] ("Schedule B");

(2) Schedule C – Property Claimed as Exempt [Dkt. No. 1] ("Schedule C");

(3) Response to Trustee's Objections of Debtor's Exceptions [Dkt. No. 32];

(4) Reply in Support of Trustee's Objections to Debtor's Exemptions [Dkt. No. 38];

(5) Response of Julia Hardesty, As Custodial Parent For Emma and Grace Hardesty, Debtor's Minor Children, to Trustee's Objection to Debtor's Exemptions [Dkt. No. 49];

(6) Reply of Debtor to Response of Julie Hardesty, As Custodial Parent for Emma and Grace Hardesty, Debtor's Minor Children, to Trustee's Objection to Debtor's Exemptions [Dkt. No. 50]; and

(7) Reply in Further Support of Trustee's Objections to Debtor's Exemptions [Dkt. No. 52].

In considering the Life Insurance Proceeds Objection, the court has considered the arguments of the parties at the hearing on June 3, 2015 and has reviewed the Life Insurance Proceeds Objection [Dkt. No. 40], the attached exhibits submitted in conjunction therewith and each of the following:

(1) Amended Schedule B – Personal Property [Dkt. No. 20] ("Amended Schedule B");

(2) Amended Schedule C – Property Claimed as Exempt [Dkt. No. 21] ("Amended Schedule C");

(3) Debtor's Response to Trustee's Objections to Debtor's Exemptions In Life Insurance Proceeds Under 735 ILCS 5/12-1001(f) [Dkt. No. 51]; and

(4) Reply in Support of Trustee's Objections to Debtor's Exemption in Life Insurance Proceeds Under 735 ILCS 5/12-1001(f) [Dkt. 55].

The court has also taken into consideration any and all exhibits submitted in conjunction with the foregoing. Though these items do not constitute an exhaustive list of the filings in the above-captioned bankruptcy case, the court has taken judicial notice of the contents of the docket in this matter. *See Levine v. Egidi*, No. 93C188, 1993 WL 69146, *2 (N.D. Ill. Mar. 8, 1993) (authorizing

a bankruptcy court to take judicial notice of its own docket; *In re Brent*, 458 B.R.444, 455 n.5 (Bankr. N.D. Ill. 2011) (Goldgar, J.) (recognizing same).

## BACKGROUND

To resolve the Trustee's objections the court must first determine whether the properties at issue are part of the Debtor's bankruptcy estate and, if so, whether and to what extent the Debtor can claim an exemption in such properties. With respect to the Personal Injury Funds Objection the court must determine what impact, if any, a prepetition marital settlement agreement had on the Personal Injury Settlement funds as far as it affects the Trustee's rights to such funds as property of the estate. With respect to the Life Insurance Proceeds Objection, the court must determine whether the Debtor may properly claim an exemption in proceeds of a life insurance policy received post-petition. The court will address each objection in turn.

A.    <u>Personal Injury Funds Objection</u>

On July 3, 2002, more than 12 years before the commencement of the case at bar, the Debtor entered into the Personal Injury Settlement with Illinois Farmers Insurance Company in connection with personal injuries that the Debtor sustained in an automobile accident. Under the terms of the Personal Injury Settlement, the Debtor was to receive four periodic payments: $17,000 on April 24, 2008, $25,000 on April 24, 2013, $36,000 on April 24, 2018, and $51,985 on April 24, 2023. The terms also state that the payments cannot be accelerated or assigned by the Debtor. The Debtor has already received the first two periodic payments.

Before receiving the second payment the Debtor and his ex-wife filed for divorce. On July 6, 2009, the DuPage County Circuit Court entered a Judgment for Dissolution of Marriage based upon the parties' agreed Marital Settlement Agreement (the "MSA"). Article VII of the MSA specifically deals with the allocation of the Personal Injury Settlement funds. It states that the remaining payments "shall be used for the benefit of the [Debtor's] children." MSA, at 7. Upon receipt, the Debtor "shall place said funds into an account to be held for the minor children. [The Debtor] shall have the sole authority to manage said account/funds on behalf of the children." *Id.* at 8. The payments are to be first applied to the children's education and any remaining funds released to the children upon their attaining the age of 22. Last, "in no event shall said payments be retained by or used for the direct benefit of [the Debtor]." *Id.* After receiving the second periodic payment of $25,000 in 2013, the Debtor established the Edward Jones Accounts as section 529 college plans for the benefit of the Debtor's children and deposited the payment evenly between the two accounts. *See* 26 U.S.C. § 529.

On November 28, 2014 the Debtor filed his petition for relief under chapter 7 of the Bankruptcy Code. The Debtor's Schedule B separately lists both the Edward Jones Accounts and the remaining payments still owing to the Debtor pursuant to the Personal Injury Settlement. The Debtor's Schedule C claims the remaining Personal Injury Settlement payments as exempt under 735 ILCS 5/12-1001(g)(4) and the Edward Jones Accounts as exempt under 735 ILCS 5/12-1001(g)(4) and (j). The property descriptions in both schedules reference the MSA, and the restrictions that the MSA places on the scheduled property, requiring the Debtor to hold, transfer and manage the funds "on behalf of [his] children."

3

On March 27, 2015 the Trustee filed the Personal Injury Funds Objection requesting (1) that the court find the funds in the Edward Jones Accounts and the remaining Personal Injury Settlement payments to be non-exempt property of the estate and (2) that the court direct the turnover of funds in the Edward Jones Accounts in excess of the amounts prescribed by section 541(b)(6) of the Bankruptcy Code. On April 14, 2015, the Debtor requested additional time to respond to the Trustee's objection, which the court granted on April 21, 2015. The court set a hearing on the matter for June 3, 2015.

Prior to the June 3rd hearing, an appearance was filed on behalf of Julie Hardesty, the Debtor's ex-wife, as custodial parent for the children beneficiaries of the MSA (the "Children"). Counsels for the Trustee, the Debtor and the Children appeared at the hearing and the court ordered supplemental briefs from the parties on these issues. The parties complied with the court's order and the matter is fully briefed.[1]

B.  Life Insurance Proceeds Objection

On or about April 23, 2015, following the death of the Debtor's step-father, the Debtor received a $35,426.15 payment as part of the Life Insurance Proceeds. On May 20, 2015, the Debtor filed the Amended Schedule B to include this payment. The Debtor also filed the Amended Schedule C to claim an exemption in the Life Insurance Proceeds under 735 ILCS 5/12-1001(f).

In response, the Trustee filed the Life Insurance Proceeds Objection on May 28, 2015, requesting that the court find that the Life Insurance Proceeds are non-exempt property of the estate and that the court direct the turnover of the funds pursuant to section 542(a) of the Bankruptcy Code. The matter was set for hearing on June 3, 2015 alongside the Personal Injury Funds Objection and is fully briefed.

DISCUSSION

A.  Personal Injury Funds Objection

As a preliminary matter the court must determine whether the Personal Injury Settlement funds are property of the estate. Whether the funds constitute property of the Debtor's bankruptcy estate is a question of federal law.

The commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interest of the debtor in property." 11 U.S.C. § 541(a). The scope of this provision is "broad." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-5 (1983). As the Seventh Circuit Court of Appeals has noted, "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *In re Carousel Int'l Corp.*, 89 F.3d 359, 362 (7th Cir. 1996) (internal quotation and citation omitted).

The scope of property of the estate, though broad under section 541, is not, however, unlimited. Specifically, "the debtor's interests in an asset or his rights against others are not

---

[1] This court also asked counsel for the Children to brief whether the Children have standing to be heard on this matter. As no party has objected to the Children's standing, the court will accept, for these limited proceedings, that the Children have sufficiently demonstrated that they are parties in interest who are permitted to be heard.

4

expanded by the filing of a bankruptcy proceeding." *In re Squyres*, 172 B.R. 592, 594 (Bankr. C.D. Ill. 1994). Furthermore, "whatever rights a debtor has in property at the commencement of the case continue in bankruptcy – no more, no less." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984). In this regard, the oft quoted phrase "[p]roperty interests are created and defined by state law" is applicable. *Butner v. United States*, 440 U.S. 48, 55 (1979). Here, the controlling state law is the Final Judgment in Dissolution of Marriage entered by the state court and the MSA incorporated therein. Thus, to characterize the Personal Injury Settlement funds as they now exist in bankruptcy, the court must first determine what effect, if any, the MSA had on the funds outside of bankruptcy.

Prior to the divorce, it is clear that the Debtor had an unfettered right to receive the payments under the Personal Injury Settlement agreement and to use those funds in any way that he saw fit. If the Debtor and his wife had not divorced, the Personal Injury Settlement funds would be property of the estate.[2] In this case, however, there *was* a divorce and the state court's decree cannot be ignored. The court is now asked to determine whether the MSA, as incorporated into the divorce decree, fundamentally altered the nature of the Debtor's property rights in the Personal Injury Settlement funds such that they are now out of the Trustee's reach.

To make such a determination, the court must examine what obligations and restrictions the MSA placed on the funds and on the Debtor's use of and control over them. The court need not restrict its inquiry to the labels that the parties used in the MSA but can look beyond such labels to the intent of the parties to be bound thereto. *See generally Evans v. Evans (In re Evans)*, 278 B.R. 407, 411 (Bankr. D. Md. 2002). Looking at Article VII of the MSA, it is clear that the Debtor and his ex-wife intended to establish a child support obligation. The MSA explicitly directs that the payments "*shall* be used for the benefit of the children." MSA, at 7 (emphasis added). The payments must be held in accounts for the benefit of the Children. *Id.* at 8. The payments "shall be applied first to the payments of the college and/or trade school expense of the children." *Id.* Last, any residual funds are to be used for the benefit of the children, or released to them upon their attaining the age of 22. *Id.* Moreover, it has been well established that the requirement that an ex-spouse pay for post-secondary education falls within the nature of child support. *See e.g., Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 905 (11th Cir. 1985); *Soffel v. Shaw (In re Shaw)*, 299 B.R. 107, 114 (Bankr. W.D. Pa. 2003); *Leslie v. Leslie (In re Leslie)*, 181 B.R. 317, 322 (Bankr. N.D. Ohio 1995); *Ozey v. Ozey (In re Ozey)*, 166 B.R. 169, 172 (Bankr. N.D. Okla. 1994). It is, therefore, this court's conclusion that the MSA created a child support obligation.

---

[2] Payments received on account of a personal injury settlement are property of the bankruptcy estate and must be turned over subject to debtor's rights of exemption. *See In re Simon*, 170 B.R. 999, 1004 (Bankr. S.D. Ill. 1994). It makes no difference whether such payments are made periodically or by some other method. *Id.* Absent some change, the Debtor could, therefore, have potentially exempted $15,000 as a payment "on account of personal bodily injury of the debtor." 735 ILCS 5/12-1001(h)(3). As the hanging paragraph in 735 ILCS 5/12-1001(h) makes clear, however, such an exemption is not unfettered, rather, "a debtor's right to receive an award or payment shall be exempt for a maximum of 2 years after the debtor's right to receive the award or payment accrues; property traceable to an award or payment shall be exempt for a maximum of 5 years after the award or payment accrues[.]" *Id.* It has been over five years since the Debtor's right to receive the payment matured, therefore, it is unlikely that the Debtor would be able to claim an exemption under 735 ILCS 5/12-1001(h)(3).

5

Having so determined, the court must next evaluate whether this obligation is merely a financial obligation to the children measured in an amount equal to the value of the Personal Injury Settlement funds or is a specific disposition of the Personal Injury Settlement itself.

As to the latter, as one court has held, where a debtor has no interest in the property, "his obligation to deliver [the property] was not a 'debt' or obligation to pay," rather, the debtor merely acts as a conduit or an agent for the property's transfer. *Wisely v. Beattie (In re Beattie)*, 150 B.R. 699, 701 (Bankr. S.D. Ill. 1993) (*citing Boyer v. Boyer (In re Boyer)*, 104 B.R. 497 (Bankr. S.D. Fla. 1989)). In *Beattie*, the state court entered a judgment dissolving the debtor's marriage and requiring the debtor to pay forty percent of the proceeds of a future worker's compensation action to his ex-wife. 150 B.R. at 700. The debtor never complied with this requirement, but filed for bankruptcy instead. *Id.* The debtor listed the proceeds as exempt and claimed that his wife only had a dischargeable claim equal to forty percent of the proceeds. *Id.* The court disagreed and relied on *Boyer* in determining that, due to the divorce decree, the debtor's interest in the worker's compensation claim was reduced to sixty percent. *Id.* at 701-702. The court concluded that the debtor's interest in the remaining forty percent was solely as a conduit to facilitate the transfer. *Id.*

*Boyer*, the case relied on by *Beattie*, involved a similar issue to the case at bar. The *Boyer* court found that due to a divorce decree the debtor's interest in certain funds was so minimal that such interest was insufficient to bring the funds into the estate. *Boyer*, 104 B.R. at 499 (*citing In re Joliet-Will County Cmty. Action Agency*, 847 F.2d 430 (7th Cir. 1988)). In *Boyer* a divorce court ordered the debtor to use funds contained in the debtor's Super Saver Account for the education of the debtor's children and, if the funds were not used by a set date, then the debtor was required to turn them over to his ex-wife. *Boyer*, 104 B.R. at 498. The debtor attempted to comply with the court order and tendered the funds to his ex-wife's divorce attorney to hold the funds as trustee. *Id.* The debtor later filed for bankruptcy and claimed that the funds held by the ex-wife's attorney were property of the estate and that any debt owed to his ex-wife was dischargeable unsecured debt. *Id.* The ex-wife responded by filing an adversary proceeding to establish that the funds were either not property of the estate or excluded under section 541(b)(1). *Id.* at 498-99.

The *Boyer* court concluded that the Debtor lacked any equitable interest in the funds, "and therefore, the [chapter 7] Trustee who succeeds to the Debtor's interest cannot exercise rights greater than the Debtor's rights at the commencement of the case." *Id.* at 499 (citation omitted). Furthermore, the court found that the debtor was devoid of any beneficial title. His role was relegated to that of "an agent for the disbursal of the funds belonging to others. . . . In essence, the Debtor's relationship to this fund is nothing more than that of an agent appointed to carry out specific tasks." *Id.* The limited control that the debtor could assert to the funds was insufficient to bring the funds into the estate. *Id.* The court determined that, "even assuming that the property somehow became part of the estate, the property would be excluded under § 541(b)(1)." *Id.*

Turning to the facts of the case at bar, the Debtor's obligation under the MSA is not simply to pay a certain debt, but rather to use a certain property for child support. In other words, the Debtor is not required to pay $112,985[3] in value for child support. He is required to devote the Personal Injury Settlement funds for child support.[4] The Debtor can do nothing with these funds

---

[3]    The sum of the Personal Injury Settlement payments remaining at the time of the divorce.

[4]    To put a finer point on it, the court reads the MSA as imposing no monetary obligation in this regard independent from the obligation with respect to the Personal Injury Settlement. Should, for example, Illinois

*but* use them for child support as the MSA specifically dictates that "in no event shall said payments be retained by or used for the direct benefit of [the Debtor]." MSA, at 8. Much like the debtor in *Boyer*, the Debtor's role has been restricted to two functions: collect the payments and use them to fund his children's education.

Further, the Debtor's property interest in the funds under the MSA, as incorporated into the final Judgment for Dissolution of Marriage, is tantamount to an order entered by the state court. *See In re Marriage of Ingram*, 259 Ill. App. 3d 685, 689 (2nd Dist. 1994) ("A settlement agreement which is incorporated into a dissolution judgment is tantamount to an order of the court."). As a final order, this court is required to give that order full faith and credit, 28 U.S.C. § 1738, and is not in the position to question or amend the state court's judgment.

Once the state court ordered that the Personal Injury Settlement funds were to go toward the children's education, the Debtor's sole interest in the payments was his compliance with that order. The court finds that the Personal Injury Settlement funds are not property of the estate, therefore, the Trustee has no claim to these funds.

Given that the Debtor cannot claim an exemption in property that is not part of the bankruptcy estate, the court need not consider the Debtor's claimed exemption in the Personal Injury Settlement funds, nor the Trustee's objection thereto. The Personal Injury Funds Objection is, therefore, overruled.

B.   Life Insurance Proceeds Objection

The court again begins its inquiry by determining whether the Life Insurance Proceeds are property of the estate. Property of the estate includes any interest that the debtor has in a bequest, devise or inheritance or as a beneficiary of a life insurance policy or of a death benefit plan that the debtor acquires or is entitled to acquire within 180 days after the filing of the bankruptcy petition. 11 U.S.C. § 541(a)(5)(A). The Debtor filed for bankruptcy on November 28, 2014 and received payment of the Life Insurance Proceeds on April 23, 2015. The Life Insurance Proceeds were received within 180 days of the bankruptcy petition and therefore are part of the Debtor's estate. Having so determined, the court now turns to the Debtor's claimed exemption.

The Bankruptcy Code provides that debtors may choose between the exemptions provided by section 522(b)(2) (the so-called "federal" exemptions) or, in the alternative, the exemptions listed in section 522(b)(3), which include exemptions provided by state law and federal nonbankruptcy law. 11 U.S.C. § 522(b)(1); *In re Baumen*, No. 11bk32418, 2014 WL 816407, at *11 (Bankr. N.D. Ill. Mar. 4, 2014) (Goldgar, J.) (citation omitted).

If a state "opts out" of the federal exemption scheme provided in section 522(b)(2), debtors who reside in that state may no longer choose and thus are limited to the exemptions set forth in section 522(b)(3). 11 U.S.C. § 522(b)(2); *see Bauman*, 2014 WL 816407, at *12. Illinois has "opted out" of the federal exemption scheme. 735 ILCS 5/12-1201. Accordingly, Illinois debtors are restricted to exemptions under section 522(b)(3), which, in turn, include Illinois exemption statutes.

---

Farmers Insurance Company fail to make the payment to the Debtor, the Debtor has no independent obligation under the MSA to pay the Children.

The Debtor claims an exemption under 735 ILCS 5/12-1001(f), which, in relevant part, exempts from judgment "[a]ll proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment polices and annuity contracts payable to a wife or husband of the insured, or a child, parent, or other person *dependent upon the insured*[.]" (emphasis added).

The Debtor goes to great lengths to demonstrate that, as a step-child, the Debtor qualifies as "child, parent, or other person" for purposes of 735 ILCS 5/12-1001(f). In the absence of an objection on this point, the court accepts this as a given. However, that conclusion resolves only part of the inquiry. As the Trustee points out, however, the Debtor overlooks the long standing interpretation that the emphasized phrase, "'dependent upon the insured' should modify child and parent, as well as 'other person.'" *Schriar v. Mose (In re Schriar)*, 284 F.2d 471, 474 (7th Cir. 1960).

The Debtor argues that *Schriar* does not apply because *Schriar* interprets 215 ILCS 5/238(a) and not 735 ILCS 5/12-1001(f), which was enacted after *Schriar* was decided. While it is true that *Schriar* interprets a different statute, the Debtor ignores the fact that the statutes are nearly identical. *Compare* 215 ILCS 5/238(a) *with* 735 ICLS 5/12-1001(f). Relying on these similarities and on standard principles of statutory construction, many courts, including some cited by the Debtor and the Bankruptcy Court for the Northern District of Illinois, have concluded that *Schriar* is equally applicable to 735 ILCS 5/12-1001(f) and 215 ILCS 5/238. *See In re Bornack*, 227 B.R. 144, 146-77 (Bankr. N.D. Ill. 1998) (Squires, J.) (relying on the similarities); *In re McLaren*, 227 B.R. 810, 811-12 (Bankr. S.D. Ill. 1998) (relying on similarities and principles of statutory construction).

Of the six cases, that the Debtor offers in support of his position that there should be no dependency requirement and that the Life Insurance Proceeds are fully exempt, five are inapplicable as they interpret the amounts "payable to a wife or husband of the insured" clause of 735 ILCS 5/12-1001(f) which is not qualified by the "dependent upon the insured" language found later in the statute." 735 ILCS 5/12-1001(f); *see In re Stilwell*, 321 B.R. 471 (Bankr. C.D. Ill. 2005); *In re Ashley*, 317 B.R. 352 (Bankr. C.D. Ill. 2004); *In re McKinney*, 317 B.R. 344 (Bankr. C.D. Ill. 2004); *In re Bird*, 288 B.R. 546 (Bankr. C.D. Ill. 2002); *In re Bateman*, 157 B.R. 635 (Bankr. N.D. Ill. 1993) (Schmetterer, J.).

Reliance on the remaining case, *In re Heck*, 212 B.R. 314 (Bankr. C.D. Ill. 1997), is equally problematic. As *Bornack* points out, *Heck* does not address *Schriar*, but rather relies on the court's own interpretation. *Bornack*, 227 B.R. at 147. As persuasive authority it is therefore of limited use, particularly given that the Bankruptcy Courts for the Northern, Central and Southern Districts of Illinois have universally refused to follow *Heck*. *In re DeRosear*, 259 B.R. 320, 322 (Bankr. C.D. Ill. 2001) (aggregating cases). Judge Lessen himself, the author of the *Heck* opinion, abrogated that result in *DeRosear* and agreed that, pursuant to 735 ILCS 5/12-1001(f) and *Schriar*, "the phrase 'dependent upon the insured' modifies the words 'child, parent, or other person.'" *Id.*

In light of the foregoing, the court chooses to follow the Seventh Circuit's precedent in *Schriar*. In *Schriar* the Seventh Circuit was asked to determine the exempt status of three insurance policies that were for the benefit of the debtor's adult children. The Seventh Circuit reasoned that:

> It is a 'cardinal rule' in construction of a statute that effect should be given, if possible, to each word, clause and sentence. *Patteson v. City of Peoria*, 1944, 386 Ill. 460, 54 N.E.2d 445. The instant statute limits the beneficiaries 'to a wife or husband of the insured, or to a child, parent or other dependent upon the insured.' The

8

> legislature used the words 'or other person dependent upon the insured,' not just or person dependent upon the insured. The word 'other' cannot be discarded. The legislature clearly anticipated that child and parent were in the same class as 'other person dependent upon the insured.' The legislature must have intended that 'dependent upon the insured' should modify child and parent, as well as 'other person.' Furthermore, this interpretation gives effect to the chief objectives of the exemptions laws, in that in that [sic] it protects the debtor in his subsistence, his family to whom he is obligated to support, and the public. Interpreting the statute liberally neither requires nor permits us to read into the statute that a beneficiary may be an adult son or daughter not dependent upon the debtor, where such meaning is simply not there.

*Schriar*, 284 F.2d at 474. This same logic holds "that the phrase 'dependent upon the insured' modifies child, parent and other person. Thus, § 5/12-1001(f) imposes a dependency requirement on all those classes of people." *Bornack*, 227 B.R. at 147.

The Debtor provides no further reason why this court should disregard the plethora of case law or the reasoning that requires the Debtor to be a dependent of the insured in order to claim an exemption under 735 ILCS 5/12-1001(f). The Debtor is an adult and there has been no evidence to indicate that he was dependent upon his step-father, therefore, 735 ILCS 5/12-1001 is inapplicable and the Trustee's objection is sustained. The Trustee's request for turnover of the Life Insurance Proceeds in full is likewise granted.

## CONCLUSION

For the foregoing reasons, the Personal Injury Funds Objection must be overruled. The Life Insurance Proceeds Objection will be sustained. A separate order will be issued concurrent with this Memorandum Decision.

Dated: August 7, 2015

_____
Timothy A. Barnes
United States Bankruptcy Judge