## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-42906 |
| | ) | |
| DAVID J. HARDESTY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |

## COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL

### (Local Rule 5082-1(A))

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of David J. Hardesty |
| Date of Order Authorizing Employment: | February 24, 2015 [Dkt. 17] |
| Period of Which Compensation is Sought: | November 28, 2014 through October 21, 2016 (allowance and payment) |
| Amount of Fees Sought: | $14,437.50 |
| Amount of Expenses Sought: | $0.00 |

This is a(n):    Interim Application: _____    Final Application:    X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None | | | | |

Dated: April 5, 2017                    Respectfully submitted,

                                        **FIGLIULO & SILVERMAN, P.C.**

                                        By: /s/ Michael K. Desmond

Michael K. Desmond (IL #6208809)
Lindsey L. Purdy (IA #AT0011959)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-4600

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 14-42906 |
| | ) | |
| DAVID J. HARDESTY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL**

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of David J. Hardesty (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying its first and final application for an award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In its Application, F&S requests allowance and payment of final compensation of $14,437.50 for 55.8 hours of legal services rendered to the Trustee during the period November 28, 2014 through October 21, 2016 (the "Application Period"). In support of its Application, F&S states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3.      The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4.      On November 28, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

5.      Michael K. Desmond is the duly appointed and qualified Chapter 7 Trustee.

## BACKGROUND

6.      On February 6, 2015, the Trustee filed a motion with this Court seeking to retain F&S as counsel to represent the Trustee in this bankruptcy case.

7.      On February 24, 2015, the Court entered the *Order Granting Trustee's Application for Authority to Employ Counsel* [Dkt. 17] retroactive to November 28, 2014, on the terms and conditions set forth in the motion.  A true and correct copy of the Court's February 24, 2015 order is attached hereto as **Exhibit A**.

8.      As set forth in the application, F&S is entitled to receive compensation on an hourly basis, which, as set forth in the application, are F&S's standard and customary hourly rates for work of this nature.  Additionally, as set forth in the application, F&S is entitled to recover all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges.  F&S's expenses will be reimbursed by the Debtor's bankruptcy estate out of the general funds of the estate subject to approval of this Court.

## **LEGAL SERVICES PERFORMED BY F&S**

9.      Legal services performed by F&S consisted primarily of reviewing, researching and contesting certain personal exemptions claimed by the Debtor in this proceeding.   The Debtor was a party to a pre-petition personal injury settlement which the Debtor claimed as fully exempt  pursuant to 735 ILCS 5/12-1001(g)(4).  In addition, the Debtor used the proceeds of the personal injury settlement payments to also make deposits into his children's 529 College Savings Plan for which the Debtor also claimed exemptions pursuant to 735 ILCS §§ 5/12-1001(g)(4) and (j).   F&S filed objections to both exemptions on behalf of the Trustee.

10.     In addition, on April 23, 2015, Debtor received a $35,426.15 payment following the death of the Debtor's step-father (Life Insurance Proceeds).  On May 20, 2015, Debtor filed an Amended Schedule B to include this payment, and Debtor also filed an Amended Schedule C to claim an exemption in the Life Insurance Proceeds under 735 ILCS 5/12-1001(f).   On behalf of the Trustee, F&S filed an Objection to the claimed exemption on May 28, 2015. By this Application, F&S seeks allowance and payment of final compensation of $14,437.50 for 55.8 hours of legal services rendered to the Trustee during the Application Period.

11.     In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

12.     Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

13.     Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks the allowance and payment of compensation of $14,437.50 for the legal services rendered to the Trustee during the Application Period.

## NARRATIVE SUMMARY

### *(LOCAL RULE 5082-1(B))*

14.     Local Rule 5082-1(B)(1)(a) – During the Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| Retention of Professionals | 2.3 | $575.00 |
| Objections to Debtor's Exemptions- PI | 42.7 | $10,825.00 |
| Objections to Debtor's Exemptions- LI | 5.4 | $1,550.00 |
| Application for Compensation | 5.4 | $1,487.50 |
| Total | 55.8 | $14,437.50 |

15.     Local Rule 5082-1(B)(1)(b) – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

(a) Retention of Professionals - The services under this task primarily consisted of drafting and filing motions to employ bankruptcy counsel. In connection with these services, F&S expended 2.3 hours and incurred $575.00 in fees during the Application Period.

(b) Objection to Debtor's Exemptions - The services under this task consisted of researching, reviewing and determining whether there was any legal basis for objecting to the exemptions claimed by the Debtor in this case. After confirming there was a basis for objection, counsel filed and litigated these objections. In connection with these services, F&S expended 48.1 hours and incurred $12,375.00 in fees during the Application Period.

4

(c) Application for Compensation – The services under this task consisted of preparation of this Application in connection with the Trustee's Final Report in this case. In connection with these services, F&S expended 5.4 hours and incurred $1,487.50 in fees during the Application Period.

16.    Local Rule 5082-1(B)(1)(c) – By this Application, F&S seeks compensation of $1,487.50 for 5.4 hours of legal services in connection with the preparation of this Application.

17.    Local Rule 5082-1(B)(1)(d) – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

18.    Local Rule 5082-1(B)(1)(e) – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

19.    Local Rule 5082-1(B)(1)(f) – This is the first and final Application filed by F&S for compensation and reimbursement of expenses.

20.    Local Rule 5082-1(B)(1)(g) – F&S seeks the reimbursement of actual, necessary out of pocket expenses totaling $0.00.

21.    All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case, and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

22.    Local Rule 5082-1(B)(2) – F&S seeks the allowance and payment of compensation of $14,437.50 for 55.8 hours of legal services rendered to the Debtor and reimbursement of expenses of $0.00 incurred in connection with those services during the Application Period.

## DETAILED STATEMENT OF SERVICES
### *(LOCAL RULE 5082-1(C))*

23.    The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

24.    The time detail attached as **Exhibit C** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

25.    Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

26.     The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

27.     In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

28.     F&S prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, F&S is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

29.     Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Debtor and its estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy estate.

30.     F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## NOTICE

31.     F&S has provided at least twenty-one days' notice of this Application to all
parties registered with CM/ECF in this case, including Debtor, Debtor's counsel, and the Office
of the United States Trustee. Additionally, F&S has served a notice of hearing on this
Application along with a Notice of Hearing on the Trustee's Final Report by first class U.S. mail
on all creditors on the mailing matrix in this case, which identifies F&S as the applicant, states
the amounts requested in the Application, and provides contact information for any party to
request a copy of the Application free of charge.

WHEREFORE, Figliulo & Silverman, P.C. respectfully requests that this Court enter an
order:

(a)     Granting the relief requested in this Application;

(b)     Granting F&S's request to limit notice as set forth above and finding that the
Notice of the Hearing on this Application was sufficient;

(c)     Allowing F&S final compensation in the amount of $14,437.50 for the legal
services to the Trustee between November 28, 2014 through October 21, 2016;

(d)     Allowing final reimbursement of expenses in the amount of $0.00;

(e)     Authorizing and directing the Trustee to pay to F&S $14,437.50 as compensation
for the legal services rendered to the Trustee, and reimbursement of expenses in
the amount of $0.00  between November 28, 2014 through October 21, 2016; and

(f)     Granting such other relief as this Court deems necessary or appropriate.

Dated:  April 5, 2017                          Respectfully submitted,

                                               **FIGLIULO & SILVERMAN, P.C.**

                                               By: /s/ Michael K. Desmond

Michael K. Desmond (IL #6208809)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, Illinois 60603 (312) 251-4600

## CERTIFICATE OF SERVICE

I, Michael K. Desmond, the undersigned attorney, hereby certify that on April 5, 2017, I electronically filed the **First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Figliulo & Silverman, P.C.** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

*/s/ Michael K. Desmond*

**Mailing Information for Case 14-42906**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice:

- **James Matthew Allen**   jamesattyallen@aol.com
- **Elizabeth A. Bates**   ebates@springerbrown.com, jkrafcisin@springerbrown.com;iprice@springerbrown.com
- **Michael K Desmond**   mkd.trustee@fslegal.com, IL23@ecfcbis.com
- **Michael K Desmond**   mdesmond@fslegal.com, dorisbay@fslegal.com
- **Kent A Gaertner**   kgaertner@springerbrown.com, kgaertner@springerbrown.com; iprice@springerbrown.com
- **Joshua D. Greene**   jgreene@springerbrown.com, iprice@springerbrown.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   14-42906 |
| DAVID J. HARDESTY | ) | |
| | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Timothy Barnes |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER GRANTING TRUSTEE AUTHORITY TO EMPLOY COUNSEL

This matter coming to be heard on the application of Michael K. Desmond, not individually, but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of David J. Hardesty (the "Debtor"), for authority to employ Michael K. Desmond and other partners, associates, and paralegals of the law firm of Figliulo & Silverman, P.C., as counsel in connection with this Chapter 7 case; due notice of the motion having been given; and the Court having been advised of the premises;

It is hereby ordered that:

1. The Trustee is hereby authorized to retain Michael K. Desmond and other partners, associates, and paralegals of the law firm of Figliulo & Silverman, P.C., as counsel in connection with this Chapter 7 case retroactive to November 28, 2014; and

2. Payment of compensation and reimbursement of expenses is subject to further order of this Court, upon separate application.

Enter:

Honorable Timothy A. Barnes
United States Bankruptcy Judge

Dated:  February 24, 2015

**Prepared by:**

William G. Cross (IL #6299574)
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603

# EXHIBIT B

Slip Listing

1820.56 Hardesty

**Employment of Professionals**

| | | | | | |
|---|---|---|---|---|---|
| 2/5/2015 | William Cross | 0.7 | $250.00 | $175.00 | Hardesty - Draft and revise motion to employ trustee's counsel and prepare affidavit and proposed order regarding same. |
| 2/6/2015 | William Cross | 0.1 | $250.00 | $25.00 | Hardesty - Revise motions to employ counsel and prepare same for filing and service. |
| 2/10/2015 | William Cross | 0.5 | $250.00 | $125.00 | Hardesty - Prepare amended notices of motion to employ F&S as trustee's counsel and motion to extend time to object to exemptions. |
| 2/24/2015 | William Cross | 1.0 | $250.00 | $250.00 | Appear for and attend hearing on Trustee's motions to extend time to object to exemptions and employ Trustee's counsel. |
| | **Total** | **2.3** | | **$575.00** | |

**Objections to Debtor's Exemptions-**
**Personal Injury Claim**

| | | | | | |
|---|---|---|---|---|---|
| 2/5/2015 | William Cross | 0.6 | $250.00 | $150.00 | Hardesty - Draft and revise motion to extend time to object to debtor's exemptions and prepare proposed order for same. |
| 2/26/2015 | William Cross | 1.2 | $250.00 | $300.00 | Hardesty - Draft and revise objection to debtor's exemption and research regarding same. |
| 2/26/2015 | William Cross | 0.2 | $250.00 | $50.00 | Hardesty - Review debtor's amended schedule B and schedule C and review exemption statutes for same. |
| 2/27/2015 | William Cross | 3.5 | $250.00 | $875.00 | Hardesty - Research and analyze case law and revise objection to debtor's exemptions. |
| 3/16/2015 | William Cross | 2.1 | $250.00 | $525.00 | Hardesty - Draft and revise objection to Debtor's exemptions and research and analyze state and bankruptcy law regarding same. |

Slip Listing

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 3/17/2015 | William Cross | 3.7 | $250.00 | $925.00 | Hardesty - Research and analyze case law and revise objection to debtor's exemptions. |
| 3/18/2015 | William Cross | 3.0 | $250.00 | $750.00 | Hardesty - Research and analyze case law concerning imposition of post-petition constructive trusts in connection with objection to debtor's exemptions. |
| 3/27/2015 | William Cross | 1.6 | $250.00 | $400.00 | Hardesty - Revise and prepare objection to debtor's exemptions and exhibits for filing and service. |
| 3/30/2015 | William Cross | 0.1 | $250.00 | $25.00 | Hardesty - Prepare and file proposed order in connection with objection to debtor's exemptions. |
| 4/21/2015 | William Cross | 0.5 | $250.00 | $125.00 | Hardesty - Appear for hearing on Trustee's objection to debtor's exemptions and debtor's motion to extend time to respond to same. |
| 4/30/2015 | William Cross | 0.2 | $250.00 | $50.00 | Hardesty - Research exemptions into post-petition life insurance proceeds. |
| 4/30/2015 | William Cross | 0.2 | $250.00 | $50.00 | Hardesty - Telephone conference with attorney James Allen regarding life insurance proceeds and trustee's objection to exemptions. |
| 5/13/2015 | William Cross | 1.2 | $250.00 | $300.00 | Hardesty - Review and analyze Hardesty response to objection to debtor's exemptions. |
| 5/15/2015 | William Cross | 0.6 | $250.00 | $150.00 | Hardesty - Correspondence to Debtor's attorney regarding turnover of life insurance proceeds. |
| 5/18/2015 | William Cross | 1.0 | $250.00 | $250.00 | Hardesty - Draft and revise reply in support of Trustee's objections. |
| 5/19/2015 | William Cross | 1.0 | $250.00 | $250.00 | Hardesty - Research and analyze case law in connection with reply in support of trustee's objections. |
| 5/19/2015 | William Cross | 1.0 | $250.00 | $250.00 | Hardesty - Draft and revise reply in support of Trustee's objections. |

Slip Listing

| | | | | | |
|---|---|---|---|---|---|
| 5/20/2015 | William Cross | 2.0 | $250.00 | $500.00 | Hardesty - Proofread and revise reply in support of objection to debtor's exemptions. |
| 5/20/2015 | William Cross | 0.8 | $250.00 | $200.00 | Hardesty - Review and analyze case law and statutes regarding debtor's exemption in life insurance proceeds. |
| 5/20/2015 | William Cross | 0.1 | $250.00 | $25.00 | Hardesty - Review debtor's amended schedule B and C regarding receipt of life insurance proceeds. |
| 6/2/2015 | William Cross | 1.2 | $250.00 | $300.00 | Hardesty - Research and analyze case law and treatises in connection with ex-wife/kids standing to respond to objection to exemptions. |
| 6/3/2015 | William Cross | 0.5 | $250.00 | $125.00 | Hardesty - Research and analyze case law regarding ex-wife-kids' interests in personal injury settlement proceeds. |
| 6/3/2015 | William Cross | 1.0 | $250.00 | $250.00 | Hardesty - Appear for hearing on Trustee's objections to debtor's exemptions in personal injury settlement proceeds. |
| 6/29/2015 | William Cross | 2.0 | $250.00 | $500.00 | Review and analyze Hardesty children's response to Trustee objection to exemptions in personal injury settlement payments and analyze case law regarding same. |
| 7/10/2015 | William Cross | 1.5 | $250.00 | $375.00 | Review and analyze case law in connection with Debtor's response to children's' brief on personal injury settlement funds. |
| 7/13/2015 | William Cross | 0.4 | $250.00 | $100.00 | Research and analyze constructive trust case law in connection with reply in support of objection to personal injury settlement exemptions. |
| 7/14/2015 | William Cross | 3.0 | $250.00 | $750.00 | Draft and revise reply in further support of trustee's objections to debtor's exemptions in personal injury settlement proceeds. |

Slip Listing

| 7/15/2015 | William Cross | 1.5 | $250.00 | $375.00 | Draft and revise reply in support of Trustee's objections to exemption in personal injury settlement funds. |
|---|---|---|---|---|---|
| 7/15/2015 | Michael Desmond | 1.0 | $375.00 | $375.00 | Research and review cases re: Constructive trust and Qualified Domestic Relations Order re: Herdesty; Conference with W. Cross re: Reply Brief. |
| 7/16/2015 | William Cross | 3.0 | $250.00 | $750.00 | Draft and revise reply in further support of trustee's objection to debtor's exemptions in personal injury settlement. |
| 7/17/2015 | William Cross | 0.2 | $250.00 | $50.00 | Proofread and revise reply in further support of trustee's objections to debtor's exemptions in personal injury settlement. |
| 7/21/2015 | William Cross | 1.2 | $250.00 | $300.00 | Proofread and revise reply in support of objections to personal injury settlement exemptions and prepare pleadings for filing. |
| 8/7/2015 | Michael Desmond | 0.2 | $375.00 | $75.00 | Review Ruling from Judge Barnes re: Objection to Exemptions. |
| 9/1/2015 | William Cross | 0.7 | $250.00 | $175.00 | Appear for status hearing. |
| 9/1/2015 | William Cross | 0.7 | $250.00 | $175.00 | Draft and revise agreed order on trustee's supplemental objections. |

**Total**     **42.7**     **$10,825.00**

**Objections to Debtor's Exemptions-
Life Insurance Proceeds**

| 5/21/2015 | William Cross | 0.8 | $250.00 | $200.00 | Hardesty - Draft letter to debtor's counsel regarding exemption for life insurance proceeds and demand for turnover of proceeds. |
|---|---|---|---|---|---|
| 5/28/2015 | William Cross | 0.6 | $250.00 | $150.00 | Hardesty - Revise and file objection to debtor's exemption in life insurance proceeds. |
| 7/21/2015 | William Cross | 1.0 | $250.00 | $250.00 | Draft and revise reply in support of objections to debtor's exemptions in life insurance proceeds. |

Slip Listing

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 7/27/2015 | William Cross | 0.2 | $250.00 | $50.00 | Review debtor's amended schedules in connection with second life insurance policy payment. |
| 7/27/2015 | William Cross | 0.2 | $250.00 | $50.00 | Proofread and prepare to file and serve reply in support of trustee's objection to life insurance proceeds. |
| 7/27/2015 | Michael Desmond | 1.0 | $375.00 | $375.00 | Review and revise reply brief re: Objection to exemptions; Conference with W. Cross; Review insurance documents; Research re: Same. |
| 7/28/2015 | Michael Desmond | 0.3 | $375.00 | $112.50 | Review Amended Schedule B and Amended Exemptions re: Hardesty; Conference with W. Cross. |
| 7/29/2015 | Michael Desmond | 0.3 | $375.00 | $112.50 | Review and revise Supplemental objection to Insurance exemption; Conference with W. Cross. |
| 7/29/2015 | William Cross | 1.0 | $250.00 | $250.00 | Proofread and revise and prepare to file trustee's supplemental objection to debtor's exemptions under Section 1001(f). |
| | **Total** | **5.4** | | **$1,550.00** | |

**Application for Compensation**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 10/11/2016 | Lindsey L. Purdy | 1.1 | $250.00 | $275.00 | Review and sort time detail and format Exhibits. |
| 10/13/2016 | Lindsey L. Purdy | 0.2 | $250.00 | $50.00 | Prepare Exhibits. |
| 10/19/2016 | Lindsey L. Purdy | 1.0 | $250.00 | $250.00 | Draft Fee Application and Exhibits. |
| 10/19/2016 | Michael Desmond | 0.1 | $375.00 | $37.50 | Draft and revise Final Fee Application. |
| 10/20/2016 | Lindsey L. Purdy | 2.0 | $250.00 | $500.00 | Draft and Revise Fee Application and Supporting Exhibits. |
| 10/20/2016 | Michael Desmond | 1.0 | $375.00 | $375.00 | Revise Final Application and prepare for Filing. |
| | **Total** | **5.4** | | **$1,487.50** | |
| | **Total Hours** | **55.8** | **Total Fees** | **$14,437.50** | |

# EXHIBIT C

**Exhibit C      Summary of Time by Activity**

**Employment of Professionals**

| Individual Name | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 0 | $375.00 | $0.00 |
| William G. Cross | 2.3 | $250.00 | $575.00 |
| | Total: 2.3 | | Total: $575.00 |

**Objections to Exemptions- Personal Injury**

| Individual Name | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 1.2 | $375.00 | $450.00 |
| William G. Cross | 41.5 | $250.00 | $10,375.00 |
| | Total: 42.7 | | Total: $10,825.00 |

**Objections to Exemptions- Life Insurance Proceeds**

| Individual Name | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 1.6 | $375.00 | $600.00 |
| William G. Cross | 3.8 | $250.00 | $950.00 |
| | Total: 5.4 | | Total: $1,550.00 |

**Fee Application**

| Individual Name | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 1.1 | $375.00 | $412.50 |
| William G. Cross | 0 | $250.00 | $0 |
| Lindsey L. Purdy | 4.3 | $250.00 | $1,075.00 |
| | Total: 5.4 | | Total: $1,487.50 |

**Grand Totals**        55.8                    $ 14,437.50

# EXHIBIT D

**Exhibit D      Summary of Time**

| Attorney | Title | Hours | Rate | Value |
|---|---|---|---|---|
| Michael K. Desmond | Shareholder | 3.9 | $375.00 | $1,462.50 |
| William G. Cross | Associate | 47.6 | $250.00 | $11,900.00 |
| Lindsey L. Purdy | Associate | 4.3 | $250.00 | $1,075.00 |

**Total**                   **55.8**                        **$14,437.50**